# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | )  Case No. 20-20049-JAR |
| HECTOR MEDINA-ESPERICUETA | ) ) ) |
| Defendant. | ) ) |

## MOTION FOR TEMPORARY RELEASE FROM CUSTODY

**COMES NOW**, the defendant Hector Medina-Espericueta and hereby requests this court enter an order setting conditions of release. Mr. Medina-Espericueta through counsel request the court temporarily release him from custody because he is on a ventilator and cannot care for himself. When or if Mr. Medina-Espericueta's condition improves, this defendant submits he will re-surrender to the Marshal's service to be held until further order of the court.

In support, the Defendant submits the following:

1. The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required . . ." U.S. Const. Amend. VIII. The United States Supreme Court has interpreted this amendment to prohibit the imposition of excessive bail without creating a right to bail in criminal cases. *See United States v. Salerno*, 481 U.S. 739, 754-55 (1987)("eighth amendment does not grant absolute right to bail").

2. The subject of bail and detention also implicates the Fourteenth Amendment's Due Process Clause, and requires that laws imposing pretrial detention "serve a compelling

governmental interest", *Salerno*, 481 U.S. at 752, and "the Due Process Clause of the Fifth Amendment". *See United States v. Ailemen*, 165 F.R.D. 571, 577 (N.D.Cal. 1996).

3. In federal criminal proceedings, release and detention determinations are governed by the Bail Reform Act of 1984. 18 U.S.C. §§ 3141-3156 (1990). These sections contain specific guidelines that "judicial officers" must follow in considering whether a defendant should be detained or released pending federal criminal proceedings.

4. Title 18 U.S.C. § 3141(a) gives "judicial officers" authority to make determinations regarding bail in all stages of a criminal case, up to and including the trial stage.

5. When making a determination regarding the eligibility of a defendant for pretrial release (whether personal recognizance, unsecured appearance bond, or release on conditions), the judicial officer must consider the factors listed in Section 3142(g), including:

   a. the nature and circumstances of the offense (in particular whether it is an offense which is violent or nonviolent in nature, or involves narcotics);

   b. the weight of the evidence against the person;

   c. the history and characteristics of the person --

   d. character -- including physical and mental condition), family ties, employment, financial resources, length of time in the community, community ties, past conduct history relating to drug or alcohol abuse, criminal history, record of court appearances; and

   e. whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

   f. the nature and seriousness of the danger to any person or to the community that would be posed by the person's release.

6. The Bail Reform Act requires the pretrial detention of a defendant only if a judicial officer determines that no conditions or combination of conditions exist which will "reasonably assure the appearance of the person", *see United States v. Xulam*, 84 F.3d 441, 442

(D.C.Cir. 1996)(per curiam), and "the safety of any other person and the community." *United States v. Rodriguez*, 897 F. Supp. 1461, 1463 (S.D.Fla. 1995); 18 U.S.C. § 3142(c).

7. When the government opposes a defendant's release, the government's burden is to establish by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community. *Rodriguez*, 897 F. Supp. at 1463 (*citing United States v. Orta*, 760 F.2d 887 (8th Cir. 1985); *see also United States v. Arena*, 894 F. Supp. 580, 585-86 (N.D.N.Y. 1995)(*citing United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985). The issue is "whether releasing a defendant would pose a danger to the community that would not exist were [the defendant] detained." *Rodriguez*, 897 F. Supp. at 1463.

8. The standard is different when ruling on whether any conditions of release will reasonably assure the defendant's attendance at trial (risk of flight). The government need only prove there are no such conditions by a "preponderance of the evidence." *See United States v. Tedder*, 903 F. Supp. 344, 345 (N.D.N.Y. 1995)(*citing United States v. Martir*, 782 F.2d 1141, 1146 (2d Cir. 1986)); 18 U.S.C. § 3142(c).

9. It is not necessary that the government prove both flight risk and danger to the community to warrant detention. *See United States v. Flores*, 856 F. Supp. 1400, 1401 (E.D.Cal. 1994).

10. When a defendant seeks review of a magistrate judge's order of detention, the district court is bound to review the matter de novo, and undertake a complete review of the matter for the purpose of arriving at its own "independent conclusion." *See United States v. Duncan*, 897 F. Supp. 688, 689-90 (N.D.N.Y. 1995)(*citing United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985)); *see also United States v. King*, 849 F.2d 485, 489-91 (11th Cir. 1988); *United States v. Williams*, 753 F.2d 329, 331 (4th Cir. 1985). 18 U.S.C. § 3145(a)-(c).

# HECTOR MEDINA-ESPERICUETA REQUESTS
# A TERMPORARY RELEASE FROM CUSTODY

Hector Medina-Espericueta is currently charged with being present in the United States after having been previously deported and removed from the United States on or about March 7, 2014, without having obtained the express consent of the Attorney General or the Secretary of Homeland Security to reapply for admission to the United States, in violation of Title 8, United States Code, Section 1326(a) and (b)(1).

Mr. Medina-Espericueta appeared before the Magistrate Judge on August 14, 2020 and waived detention. He did so for several reasons. Most notably, he waived his rights to a detention hearing under his belief that Immigration Customs Enforcement (ICE) had a detainer on him for eventual deportation. This has proven not to be the case according to Chris Wallace of the United States Marshal's Office. Earlier this afternoon, Mr. Wallace notified counsel there were no detainers on record against Mr. Medina-Espericueta, and the only thing keeping him in custody is the original Magistrate Judge's order to detain. AUSA Jabari Wamble provided counsel with a detainer for Mr. Medina-Espericueta (and everyone believes the detainer will eventually be perfected as ICE intends to deport this defendant); however, it does not appear the detainer has been filed.

Mr. Medina-Espericueta is currently scheduled for change of plea and sentencing on December 28, 2020 at 10:00 a.m. before this court. A presentence report was ordered because all parties believe Mr. Medina-Espericueta has most likely already served his advisory guidelines sentence. As such, counsel intended to request he be granted time served at his sentencing.

Over the past few weeks, counsel has been unable to speak with his client. The undersigned was originally told Hector had been taken to the hospital for a "doctor's" appointment. At the end of last week it was learned Hector contracted Covid-19 and has been

hospitalized for treatment. On Friday, November 13, 2020, the medical staff at Core-Civic called counsel and indicated their belief he was making progress in the right direction and they anticipated he would return to their facility shortly.

Earlier today (November 16, 2020) counsel was contacted by AUSA Wamble who disclosed Mr. Medina-Espericueta was being put on a ventilator and "his family should be notified." Counsel immediately called the Marshal's Office and inquired. Marshal Wallace ran Mr. Medina-Espericueta's detainers and told counsel there were no other holds at this time. He suggested because of the dire nature of his medical condition, that a request for conditions of release be filed. He also told counsel he was under the impression Hector may die.

Mr. Medina-Espericueta's family is very worried about their loved one. Because he is currently "in the custody of the U.S. Marshal," information that can be provided is very limited. While in custody, his location cannot even be disclosed. Furthermore, if a hospital is contacted, they will not provide the family (or anyone else for that matter) any information because the patient is technically "in custody."

If conditions of release were ordered by this court, and Hector were temporarily released, this difficulty would be alleviated. The family still might not be able to see him in person; however, they would be able to communicate directly with the hospital without having to go through the U.S. Marshal or counsel. If he should pass away, funeral arrangements could be made without having to go through the authorities.

The United States government has not yet indicated its position regarding this request for release.

*18 U.S.C. 1342(g) Factors:*

It is the position of this defendant that circumstances have changed. At this time, Mr. Medina-Espericueta is hospitalized. He would pose no danger to the community if he were temporarily released from custody. One could argue, other than his propensity to flee (in and out of the country), that this individual never posed a danger to anyone. He has never been convicted of a felony offense and his misdemeanor offenses were more than 10 years ago and were non-violent.

1. <u>The nature and circumstances of the offense (in particular whether it is an offense which is violent or nonviolent in nature, or involves narcotics)</u>

Hector Medina-Espericueta is charged with a crime that is nonviolent in nature and does not involve narcotics. He has not threatened any potential witness and he has no known history of violence. His offense centers around him re-entering the country when he was previously deported. The only reason he kept coming back was to be with his family.

2. <u>The history and characteristics of Hector Medina-Espericueta</u>

Mr. Medina-Espericueta is married with children and has been working full time for the past 6 years. He was not arrested for any crime, merely because he was present in the United States after being previously deported. He has a large loving family and is detained because he couldn't live without them.

To detain Mr. Medina-Espericueta now would be unduly cruel considering his current medical condition. He has also served most, if not all of what the parties believe will be his sentence.

3-4. <u>Character -- including physical and mental condition), family ties, employment, financial resources, length of time in the community, community ties, past conduct history relating to drug or alcohol abuse, criminal history, record of court appearances</u>

Hector Medina-Espericueta is in terrible physical and mental health.  As mentioned above, he has been hospitalized and is being placed on a ventilator because he cannot breath on his own.  It is feared he will pass away.  He has family ties to the community including a wife and two sons.  He has been in the United States on and off for the past 20 plus years.  He has resided in the District of Kansas with his family since at least 2007.  Other than minor misdemeanor convictions (which are now too old to score for purposes of sentencing in this case), he has not posed a danger to the community.  Hector has had some allegations of drug possession, but other than a conviction for a misdemeanor in 2007, all other charges of the sort have been dismissed.

Most importantly Mr. Medina-Espericueta may die very soon.  His family wants to take whatever time is left and care for there loved-one (in whatever way possible).

5. <u>Whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law</u>

At the time of the current offense or arrest, this defendant was not on probation, parole, or any other type of release for any offense.  It is believed he will be categorized as "Criminal History Category I" for sentencing if or when convicted in this case.  Following discussions with the government, counsel believes Mr. Medina-Espericueta will have already served his advisory sentence and hopefully be granted time served.

6. <u>The nature and seriousness of the danger to any person or to the community that would be posed by the person's release</u>

Hector Medina-Espericueta is a 55 year old man who poses no danger to the community.  He is charged with illegal re-entry in to the United States and nothing more.  The issue is whether releasing a defendant would pose a danger to the community that would not exist were

he detained. *Rodriguez* at 1463. He is terminally ill and is no more a danger to the community free on bond, than he is now while in custody.

## **CONCLUSION**

On August 14, 2020, the court ruled no conditions of release could be set ensuring the safety of the community and that Mr. Medina-Espericueta would appear for court. This ruling was based on Mr. Medina-Espericueta's waiver of detention and everyone's belief ICE had perfected a detainer for deportation.

When making a determination regarding the eligibility of a defendant for pretrial release, the judicial officer must consider the factors listed in Section 3142(g). Mr. Medina-Espericueta is not charged with a crime of violence or drugs, and reasonable conditions can be set by the court to ensure he appears for trial and all appearances.

The court has the authority to place any restriction on this defendant it deems fit. The court also has the power to rescind an order of release at any time. Hector will most likely die as a result of his condition. It is respectfully requested that for now, the court release him while he is hospitalized. If his condition improves and he survives this deathly scare, the court could review its temporary order at that time and/or order he re-surrender to the Marshals.

**WHEREFORE**, for the foregoing arguments and authorities, Hector Medina-Espericueta respectfully requests this court impose conditions of release, and temporarily release him from custody.

Respectfully submitted,

/S/ Gary D. Stone

GARY D. STONE #17204
753 State Avenue, Suite 388
Kansas City, Kansas 66101

(913) 281-6601
(913) 281-6602 (Fax)
stonelawoffice@sbcglobal.net

Attorney for Defendant

**CERTIFICATE OF SERVICE**

In accordance with Rule 49(a), (b) and (d), Federal Rules of Criminal Procedure, and Rule 5(b), Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing request for release was delivered via ECF/Pacer on the 16th day of November, 2020 to the following:

Jabari Wamble
Assistant U.S. Attorney
District of Kansas
500 State Avenue
Kansas City, Kansas 66101

/S/ Gary D. Stone

GARY D. STONE
753 State Avenue, Suite 388
Kansas City, Kansas 66101
(913) 281-6601 / (816) 516-8000
(913) 281-6602 (Fax)
stonelawoffice@sbcglobal.net

Attorney for Hector Medina-Espericueta