# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HECTOR MEDINA-ESPERICUETA, )<br>)<br>Defendant. )<br>_____ ) | Case No. 20-20049-JAR |

## ORDER OF RELEASE

**ON THIS** 17th day of November, 2020, came before this court Defendant's Request for Temporary Release (Doc. 21). Pursuant to the Bail Reform Act and Title 18 U.S.C. §§ 3141-3156 this court rules as follows:

1. Title 18 U.S.C. § 3141(a) gives "judicial officers" authority to make determinations regarding bail in all stages of a criminal case, up to and including the trial stage.

2. When making a determination regarding the eligibility of a defendant for pretrial release (whether personal recognizance, unsecured appearance bond, or release on conditions), the judicial officer must consider the factors listed in 18 U.S.C. § 3142(g), including:

   a. the nature and circumstances of the offense (in particular whether it is an offense which is violent or nonviolent in nature, or involves narcotics);

   b. the weight of the evidence against the person;

   c. the history and characteristics of the person --

   d. character -- including physical and mental condition), family ties, employment, financial resources, length of time in the community, community ties, past

          conduct history relating to drug or alcohol abuse, criminal history, record of court appearances; and

    e.      whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    f.      the nature and seriousness of the danger to any person or to the community that would be posed by the person's release.

3.      The Bail Reform Act requires the pretrial detention of a defendant only if a judicial officer determines that no conditions or combination of conditions exist which will "reasonably assure the appearance of the person", *see United States v. Xulam*, 84 F.3d 441, 442 (D.C.Cir. 1996)(per curiam), and "the safety of any other person and the community." *United States v. Rodriguez*, 897 F. Supp. 1461, 1463 (S.D.Fla. 1995); 18 U.S.C. § 3142(c).

4.      When a defendant seeks review of a magistrate judge's order of detention, the district court is bound to review the matter de novo and undertake a complete review of the matter for the purpose of arriving at its own "independent conclusion." *See United States v. Duncan*, 897 F. Supp. 688, 689-90 (N.D.N.Y. 1995)(*citing United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985)); *see also United States v. King*, 849 F.2d 485, 489-91 (11th Cir. 1988); *United States v. Williams*, 753 F.2d 329, 331 (4th Cir. 1985). 18 U.S.C. § 3145(a)-(c).

5.      The defendant is currently charged with being present in the United States after having been previously deported and removed from the United States on or about March 7, 2014, without having obtained the express consent of the Attorney General or the Secretary of Homeland Security to reapply for admission to the United States, in violation of Title 8, United States Code, Section 1326(a) and (b)(1).

6.      Mr. Medina-Espericueta is scheduled for change of plea and sentencing on December 28, 2020 at 10:00 a.m. before this court. A "pre-plea" presentence report was ordered

because all parties believe Mr. Medina-Espericueta has most likely already served his anticipated advisory guidelines sentence.

7. The defendant has contracted Covid-19 and has been hospitalized. His has been placed on a ventilator. Mr. Medina-Espericueta is at high risk of death due to diabetes, obesity, and high blood pressure. He may pass away before being released from the hospital. Counsel has requested this defendant be released to allow the family to directly communicate with hospital staff and to better care for their loved one.

8. The government has not taken a position with regards to the requested relief.

9. The court has considered the factors contained in 18 U.S.C. 3142(g), including the history, characteristics, and medical condition of this particular defendant, and hereby orders conditions of release can be set ensuring this defendant's presence in court, and that the safety interests of the public are protected.

10. For the reasons cited in counsel's Motion for Temporary Release from Custody (Doc. 21) this court orders Mr. Medina-Espericueta released from custody until further order of the court.

**WHEREFORE**, **IT IS ORDERED, ADJUDGED AND DECREED**, that defendant's *Motion for Temporary Release from Custody* [Doc. 21] is hereby **GRANTED**.

**IT IS SO ORDERED**.

Dated: November 17, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE